## BAKER v. CITY OF FORT LAUDERDALE, et al.

Circuit Court, Broward County.

November 4, 1954.

Buckley & Bland, Fort Lauderdale, for plaintiff.

Julian E. Ross and Julian L. Williams, both of Fort Lauderdale, for defendants.

LAMAR WARREN, Circuit Judge.

Plaintiff in her amended complaint prays that the court declare section 28-21 of the code of ordinances of the city of Fort Lauderdale unconstitutional, unreasonable and void and perpetually enjoin the enforcement thereof. The section reads—"It shall be unlawful for any person operating a business in the city under a license from the state hotel commission to display to the public by a sign located outside the building so licensed the rates charged for accommodations therein."

Plaintiff was charged with operating a business in the city under a license from the state hotel commission and displaying to the public by a sign located outside the building so licensed the rates charged for accommodations therein in violation of section 28-21. In the evidence before the court the wording, size, location and erection of the sign at plaintiff's motel were shown, together with her arrest.

The parties stipulated that defendants would not molest plaintiff in her home or in her business with respect to the violation of the ordinance and that the hearing scheduled in the municipal court against her would be stayed until this court entered its ruling on the constitutional questions raised.

A quite similar ordinance recently was considered in City of Daytona Beach v. Schiffmacher and Abdo (not yet reported), section 1 of which follows—"It shall be unlawful for any person, firm or corporation operating a business in the city of Daytona Beach under a license from the state hotel commission to display to the public by sign or signs located outside the building so licensed the rates charged for living accommodations therein."

A temporary injunction issued in the lower court; petition for writ of certiorari to review said order was filed in the Supreme Court, and on September 29, 1954 that court denied the petition. The transcript of the record in that case and the briefs of petitioners, respondents and amici curiae have been made available, and the same with the authorities therein cited have been carefully examined. See also People v. Osborne (Cal. App.), 59 P. 2d 1083. It is my opinion that the Daytona Beach case controls the present suit and that section 28-21 is unreasonable and void.

It is therefore ordered, adjudged and decreed that the city of Fort Lauderdale and all persons acting under its authority are permanently enjoined from enforcing in any way against plaintiff the provisions of section 28-21 of the code of ordinances of that city.